IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ROWKOSKY, | ) | |
| | ) | Civil Action No. 13 – 174 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Terrence F. McVerry |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT BURNS, and | ) | |
| SUPERINTENDENT FISHER, | ) | |
| | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

For the following reasons, it is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. It is also recommended that Plaintiff's Complaint be dismissed with prejudice because it is clear that granting him leave to amend would be futile

II. **REPORT**

David Rowkosky ("Plaintiff") is a Pennsylvania state prisoner currently incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). He initiated this action by submitting a Motion for Leave to Proceed *in forma pauperis* (ECF No. 1), which was granted by the Court on February 13, 2013 (ECF No. 2). In his Complaint (ECF No. 3) filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges that his two boxes of property were either lost or never sent to SCI-Pittsburgh from SCI-Smithfield. He seeks the return of his property or $5,000

1

compensatory damages. For the following reasons, Plaintiff's Complaint should be dismissed with prejudice pursuant to the Prison Litigation Reform Act.

### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking redress from a governmental employee.

### B. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this

is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### C. Discussion

Plaintiff alleges that he was told by Defendant Fisher, Superintendent of SCI-Smithfield, that his two boxes of property were sent to him at SCI-Pittsburgh. He also alleges that Defendant Burns, Superintendent of SCI-Pittsburgh, told him that SCI-Smithfield never sent his property. These allegations do not state a cognizable § 1983 claim.

Plaintiff does not state under what constitutional theory his claims arise. However, the undersigned will assume first that Plaintiff is seeking to raise a procedural due process claim for the deprivation of his property. In this respect, Plaintiff's due process claim necessarily fails "if a meaningful post-deprivation remedy is available for the loss." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Third Circuit Court of Appeals has held that the Pennsylvania Department of Corrections' grievance procedure "provides an adequate post-deprivation remedy" in satisfaction of the Due Process Clause for prisoners making claims for damage to or loss of personal property. Durham v. Dep't of Corr., 173 F. App'x 154, 157 (3d Cir. 2006); *see* McEachin v. Beard, 319 F. Supp. 2d 510, 514-15 (E.D. Pa. 2004) (citing Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)). Furthermore, it is not relevant whether the alleged loss of property occurred as the result of negligent or intentional conduct. Hudson, 468 U.S. at 533.

4

Here, Plaintiff does not allege the absence of an adequate post-deprivation remedy. Instead, he states that he filed grievances and appealed the outcomes to final review. (ECF No. 3 at 3.) As such, Plaintiff admits that there was an adequate post-deprivation process available to him of which he took advantage. Because of this, the loss or destruction of Plaintiff's property fails to state a due process claim as a matter of law. *See* Jerry v. Beard, 2011 WL 989856, at *2 n.1 (3d Cir. 2011) ("[T]he post-deprivation remedies available to Jerry under the prison grievance procedure and Pennsylvania law constitute adequate process.") (citing Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008)). Accordingly, Plaintiff's procedural due process claim should be dismissed for failure to state a claim upon which relief may be granted.

To the extent Plaintiff is attempting to make a substantive due process claim, again, his allegations fail to state a claim because the loss or destruction of his property simply does not shock this Court's conscience. *See*, *e.g.*, United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa., 316 F.3d 392, 399-400 (3d Cir. 2003) ("our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience."). *See also* Moore v. Gluckstern, 548 F. Supp. 165, 167 (D. Md. 1982) ("At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably 'shock[] the conscience' of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.").

Finally, to the extent Plaintiff is alleging that the loss or destruction of his property constituted a violation of his Fourth Amendment right not to have his property unreasonably seized, he also fails to state a claim as a matter of law. The protections of the Fourth Amendment with respect to seizures of prisoner's "effects" or property simply do not apply in

5

the prison context.  Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001) ("The Hudson court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."); Jones v. Arpaio, 194 F.3d 1317 (9th Cir. 1999) ("Finally, there is no merit to Valandingham's contention that jail officials violated his constitutional rights when they failed to return documents, correspondence, and postage seized following a search of his cell.") (citing Hudson, 468 U.S. at 527-28) (holding that Fourth Amendment's prohibition against unreasonable seizures does not apply in prison).  Accordingly, Plaintiff has no Fourth Amendment protections against the loss or destruction of his property and this claim fails as a matter of law.

### III.   CONCLUSION

For the reasons set forth above, it is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.  It is also recommended that Plaintiff's Complaint be dismissed with prejudice because it is clear that granting him leave to amend would be futile

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated:  February 25, 2013

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: David Rowkosky
 BC-6535
 P.O. Box 99991
 Pittsburgh, PA  15233
 *Via U.S. Postal Mail*