# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ROWKOSKY, | Civil Action No. 13 – 174 |
| Plaintiff, | |
| | District Judge Terrence F. McVerry |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT BURNS and SUPERINTENDENT FISHER, | |
| Defendants. | |

## MEMORANDUM ORDER

This case is before the Court on the Report and Recommendation filed by Chief Magistrate Judge Lisa Pupo Lenihan on February 25, 2013. (ECF No. 6.) Judge Lenihan recommended that Plaintiff's Complaint be *sua sponte* dismissed for failure to state a claim upon which relief may be granted under the screening provisions of the Prison Litigation Reform Act and that such dismissal be with prejudice because granting Plaintiff leave to amend would be futile. Plaintiff was served with the Report and Recommendation at his listed address and advised that he had until March 14, 2013, to file written objections. Plaintiff filed timely objections on March 7, 2013 (ECF No. 7), along with a Motion to Amend his Complaint and Brief in Support thereof (ECF No. 8).

First, the Magistrate Judge found that Plaintiff could not state a claim for a procedural due process violation based on the loss of his property because he had an adequate post-deprivation remedy available to him through the Department of Corrections' inmate grievance procedure, of which he availed himself. Plaintiff objects to this finding and claims that the

1

inmate grievance procedure was inadequate to seek the return of his property because it did not result in the return of his property, of which he alleges was intentionally lost during his transfer from SCI-Smithfield to SCI-Pittsburgh. This, however, does not render the remedy inadequate. *See* Tarselli v. Harkleroad, No. 10-1266, 2012 U.S. Dist. LEXIS 22839, at *19-20 (W.D. Pa. Feb. 23, 2012) (concluding that "the failure of a prison official to provide a favorable response to an inmate grievance does not demonstrate that the process was inadequate, meaningless, or otherwise constitutionally infirm") (citing, *inter alia*, Austin v. Lehman, 893 F. Supp. 448, 454 n.4 (E.D. Pa. 1995) ("Of course, that Plaintiff did not prevail in this procedure in no way affects the procedure's adequacy as a post-deprivation remedy.")). Moreover, even assuming the prison grievance procedure was inadequate, which the Court specifically finds that it was not, an adequate post-deprivation remedy was still available to Plaintiff in the form of a state tort action. *See* Shakur v. Coelho, 421 F. App'x 132, 135 (3d Cir. 2011) (holding Pennsylvania Tort Claims Act provided adequate post-deprivation remedy for willful deprivation of property); Mattis v. Dohman, 260 F. App'x 458, 461 (3d Cir. 2008) (upholding dismissal of a prisoner's claim for deprivation of property based in part on the fact that the prisoner "could also have pursued a state tort suit for conversion of property"); Alexander v. Gennarini, 144 F. App'x 924, 925 (3d Cir. 2005) (same); Morales v. Beard, No. 09-162, 2009 U.S. Dist. LEXIS 66272, 2009 WL 2413425, at *2 (W.D. Pa. 2009) (holding even if prison grievance system was inadequate, prisoner still had "at least one adequate post-deprivation remedy in the form of a state law tort suit"). For these reasons, Plaintiff cannot state a due process claim based on the deprivation of his property and no amendment can cure this deficiency.

Next, Plaintiff seeks to amend his Complaint to add a retaliation claim; specifically, that the Department of Corrections intentionally lost his property because he is, self-admittedly, a

problematic inmate. It is well settled that retaliation for the exercise of a constitutionally protected activity is itself a violation of rights secured by the United States Constitution, which is actionable under Section 1983. Rauser v. Horn, 341 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). In order to prevail on a retaliation claim, a plaintiff must show three things: (1) that the conduct in which he engaged was constitutionally protected; (2) that he suffered "adverse action"[1] at the hands of prison officials; and (3) that his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct. Rauser, 241 F.3d at 333 (adopting Mount Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

Here, Plaintiff fails to state a claim for retaliation because he does not allege that his property was intentionally lost due to him engaging in a constitutionally protected activity and simply referring to himself as a "problematic inmate" does not satisfy this standard. In fact, it is clear that the only reason Plaintiff thinks that he was retaliated against is because the Department of Corrections has allegedly lost his property on five occasions. However, it appears that Plaintiff's property was either recovered or he received a favorable response to his grievances on four occasions. While it is indeed unfortunate that his property was misplaced, and presumably has not yet been recovered, this does not give rise to an inference of retaliation.

As such, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered.

**AND NOW**, this 8th day of March, 2013,

---

[1] An adverse action is one "sufficient to deter a person of ordinary firmness from exercising his rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

**IT IS HEREBY ORDERED** that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint (ECF No. 3) is *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the dismissal of his Complaint is **WITH PREJUDICE** and his Motion to Amend (ECF No. 8) is **DENIED** because granting him leave to amend would be futile.

**IT IS FURTHER ORDERED** that the February 25, 2013 Report and Recommendation (ECF No. 6), as it is supplemented herein, is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

    By the Court:

    s/Terrence F. McVerry
    United States District Judge

cc:  David Rowkosky
     BC-6535
     P.O. Box 99991
     Pittsburgh, PA  15233
     *Via U.S. Postal Mail*